UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

MAY 09 2014

David J. Bradley, Clerk of Court

| | |
|---|---|
| **MICHAEL F. PALMA**, *pro se*, § | |
| § | |
| Petitioner, § | |
| § | # _____ |
| v. § | |
| § | |
| § | **PETITION TO QUASH SUMMONSES** |
| **THE UNITED STATES,** § | |
| **INTERNAL REVENUE COMMISSIONER,** § | |
| **A. MELEE BAILEY - REVENUE OFFICER,** § | |
| **JOHN DOE – REVENUE OFFICER,** § | |
| **GECRB/SAMS CLUB** – CUSTODIAN OF RECORDS § | |
| § | |
| Respondents, § | |

1.  This is an action under the Special Procedures for Third Party Summons(s) Act, U.S.C. Title 26§ 7609, to halt the above-names third-party record-keepers from revealing Petitioner's private records to the United States Internal Revenue Service (hereinafter "IRS"), and to quash the Summons(s).

2.  Pursuant to U.S.C. Title 26§ 7609(h) (1), U.S.C. Title 28§ 1331, 1340 and 1346, and the First, Fourth, Fifth, Ninth, and Tenth Amendments to the U.S. Constitution, this Court has jurisdiction over this action. U.S.C Title 26§7609(h)(1) clearly states, *"The United States District Court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding..."* the third-party record-keeper who received the Summons, who are GECRB/SAMS CLUB, are found in the State of Texas.

3.  Petitioner is a citizen of the United States of America and the state in which he resides and entitles to the protection of its laws. Respondent third-party record-keepers are found in this district.

4.  According to laws, Petitioner, a person entitled to Notice of the Summons(s) under U.S.C. Title 26 § 7609(a), has the right to begin these proceedings to quash such Summons(s) no later than the 20th

days after the day such notice is given, and should mail within 20 days from the date of Notice at the address shown on the Summons(s) by Registered or Certified Mail a copy of this petition to:

    A. The third-party record-keeper who received the Summons(s), who are GECRB/SAMS CLUB, and

    B. The IRS officer before whom the third-party record-keeper is summoned to appear, at the address shown on the Summons(s).

The records sought by the Summons(s) relate to the Petitioner and are his personal records.

5.    This Court should squash said Summons(s), for the following reasons:

    A. The IRS has classified Petitioner as a "Tax Protester" and has abandoned in an institutional sense the pursuit of a civil tax determination or collections purpose and has made an institutional commitment to make a referral to the Department of Justice for prosecution as it would merely like to gather evidence to aid a prosecution. *US v. LaSalle National Bank*, 437 US 248, 98 S Ct 2357 (1978).

    B. The IRS, having abandoned the pursuit of Petitioner's civil tax liability, is attempting to use these Summons(s) for the impermissible purpose of gathering evidence solely for a Criminal Investigation, and is attempting to circumvent to traditional role of the grand jury as the principal tool of Criminal Investigation in our society. *US v. LaSalle National Bank, supra.*

    C. The IRS has made a formal recommendation to the Department of Justice for prosecution of Petitioner or has made an informal determination and withheld the formal recommendation in order to use this civil process to circumvent the decision of the Federal Courts. The IRS has made a preliminary investigation into Petitioner's financial condition, since it has access to a tremendous amount of financial data on Petitioner and has abandoned any hope of making civil assessment or collections in this case, but is delaying in submitting a formal recommendation to the Department of Justice in order to gather additional evidence, to expand its criminal discovery rights, and to serve as an information gathering agency for the prosecuting attorney.

    D. The Summons(s) indicate that this is a Criminal Investigation, in that much of the information sought has no bearing on a Civil Investigation but generally is used only for criminal prosecution. The court should examine each type of document requested, to test each for a civil purpose. The

Court, in examining the Summons(s) and all parts thereof, will discover that not all of the information sought contributes in some way to a civil inquiry. Even if the Court could discover a general civil purpose for the tax investigation, this would not terminate judicial inquiry into whether the Summons(s) (or parts thereof) issued during investigation exceeded the authority of the IRS. The Court must focus on the purpose of these Summons(s) (or parts thereof) and not on the purpose of the investigation as a whole. If either Summons or parts thereof was issued solely for a Criminal Investigation, that particular Summons should be suppressed, even in the face of an overwhelmingly civil purpose for the investigation as a whole.   The IRS simply would lack statutory authority to issue that particular Summons.   *US v Genser*, 595 F2d 146 (Third Circuit, 1979).  The IRS has only that authority granted to it by Congress. Congress has given the IRS administrative Summons powers in IRC §7603 and 7604 to be used <u>only in civil cases</u> and has not yet given this administrative agency mandatory criminal investigatory powers. Therefore, the IRS simply does not have the authority to Summons those particular third-party records which would be used only in criminal prosecutions.

E. The information in the possession of the Respondent third-party record-keepers is of a private nature and was not intended to be given to parties not authorized by Petitioner.  Furnishing such personal and private information about Petitioner to the IRS or any other Governmental body without Petitioner's consent is a violation of Petitioner's person, privacy, Constitutional Rights, and his Natural Rights, which should and ought to be protected by the Government.

F. The IRS Summons(s) are not issued in good faith, as the information sought by each individual Summons is too broad and too sweeping in detail to be used by the IRS only to provide the actual existence of a valid civil tax determination or for a collection purposes. Most of the items sought by the Summons are needed only by the Department of Justice to aid in a criminal prosecution.

G. The IRS has failed to meet the procedural requirement of the Summons authority, including the required provisions of U.S.C. Title 26 §7602, 7603, 7609, etc.  These Summons(s) are patently defective on their face, filled out incorrectly by an unauthorized person, and served incorrectly for an improper purpose.  In addition, the IRS' Summons(s) violate the notice and hearing

requirements. The agent failed to comply with the mandatory procedures in U.S.C. Title 26 §7605, and has not secured the proper authorization, nor given the proper notice.

H. The Summons(s) were not issued in good faith, nor conducted pursuant to a legitimate purpose. They are not relevant to any lawful purpose. The information they seek is already within the possession of the Internal Revenue Commissioner. The required administrative steps have not been followed. These Summons(s) are an abuse of the administrative process. They were issued for the improper purpose of harassing and pressuring the Petitioner. *US v Powell, 379 US 78, 85 S Ct 248* (1964).

6. The Government alleges that one opposing these Summons(s) bears the burden of disproving the actual existence of a valid civil tax determination or collection purpose. To meet said burden, Petitioner needs adequate pre-hearing discovery. Given sufficient discovery, Petitioner can prove:

   a. No further existence of a continuing civil purpose.
   b. A pre-existing institutional commitment to prosecute.
   c. The failure of each Summons to advance a civil purpose.
   d. Improper purpose, political harassment, etc.

7. In his affidavit to be filled henceforth, Petitioner will enumerate the government's actionsp, which speak louder than words and show that the true nature of this investigation and the purpose of the government is to circumvent the traditional role of the grand jury and the other Constitutional protections of the Petitioner as guaranteed in the Bill of Rights. IRC §7609 provided Petitioner, as "a person who is entitled to notice of a Summons", the right to petition to quash a Summons. Obviously, the Congress meant for the suit to be meaningful, with adequate pre-hearing discovery, plus a real evidentiary hearing with Government witnesses testifying under oath.

8. IRC §7603 provides these Summons(s) be "attested," and this is mandatory. The IRS Summons(s) in this case are not attested or not attested properly, because *inter alia* they are neither notarized nor properly worded.

9. The Court should quash the administrative Summons(s) issued with respect to the Petitioner on the alternate ground that the IRS failed to satisfied all statutory prerequisites thereto; namely, that in making its respective determinations regarding Petitioner's alleged tax liabilities for each of the years in question, inclusive, the IRS neglected to give reasonable advance notice to the Petitioner that it intended to seek information from third-parties.

   a. When the IRS issued its administrative Summons(s) to the Respondent recordkeepers, it was required to give the Petitioner a "third-party contact notice" before it made contact with any party, other than the Petitioner, to determine his liability for any tax. 26 USC §7602(c); 26 CFR §301.7602.2(a) ("[Subject to restriction not involved in this case], no officer or employee of the IRS may contact any person other than the taxpayer with respect to the determination or collection of such taxpayer's tax liability without giving taxpayer reasonable notice in advance that such contacts may be made.")

   b. In this case, however, not only did the Petitioner not receive from the IRS the third-party contact notice mandated by 26 USC §7602(c), but the IRS' own records reveal a complete absence of any that the IRS ever sent the Petitioner such a notice. Thus, the IRS did not send the Petitioner [a third-party contact notice I third-party contact notices] as required by 26 USC §7602(c) before the IRS mailed the administrative Summons(s) to the Respondent recordkeepers. As such, the IRS has failed to satisfy the "all administrative steps required by the Internal Revenue Code for issuance of a summons" competent of the test laid down for the IRS by the Supreme Court of the United States in *US v. Powell, supra*.

   c. Given that the IRS must satisfy every element of the Powell test before its Summons(s) may be given legal force and effect, the IRS' failure to do so in the instant case requires the Court to quash the subject Summons(s).

10. The IRS CID has placed in Petitioner's permanent files and records a 914 Control Form. This form is issued by CID to be placed in the file of one who is subject to an ongoing investigation. This notifies the revenue agents or civil investigators that an active criminal case is pending and that all civil liability cases

or audits are to be suspended. Further, the civil revenue officers are not to have any contact with this taxpayer so as not to interfere with an active criminal case. This 914 Control Form by itself establishes that the IRS no longer is pursuing any civil purpose- either examination or collection- with respect to Petitioner.

11. In so far as any defendant in this case is a third-party recordkeeper who is not classified under § 7609 as a third-party recordkeeper, or is otherwise a person or party not covered by provisions of § 7609, the due process clauses of the 5th and 14th Amendments apply. See Schulz v. IRS and Roundtree, 413 F.3d 297 (Second Circuit, 2005)

12. In the alternative, should this Court not quash the summons, Petitioner requests that the Court Provide in its order that neither the IRS nor the Department of Justice be allowed to use information gathered by the IRS Summons(s) at issue here in any future criminal case. The Government would not object to this provision in the final order because the Summons(s) at issue here will be used strictly for a civil tax liability case.

Wherefore, Petitioner incorporates herein by reference his affidavit, memorandum of law and supplemental motions, and requests that the court quash the IRS Summons(s) directed to this third-party record-keeper, and award Petitioner his filing fee, his other costs, and other just relief.

Dated this ninth day of May two thousand fourteen.

;by:

MICHAEL F. PALMA, Petitioner
5026 Autumn Forest Dr.
Houston, Texas 77091

## CERTIFICATE OF SERVICE

I, Michael-Francis: family of Palma, agent for MICHAEL F. PALMA, do hereby certify that on 9 May-14, the foregoing documents are placed for delivery in the UNITED STATES POST OFFICE, postage pre-paid, respectively addressed to the following parties:

UNITED STATES OF AMERICA et al
US DISTRICT ATTORNEY
1000 Louisiana, Ste. 2300
Houston, TX 77002
Certified Mail, return receipt requested 7009 1410 0000 4169 2790

Custodian of Record
GECRB/SAMS CLUB
PO Box 965004
Orlando FL 32896
Fax: 866-433-6076
Certified Mail, return receipt requested 7009 1410 0000 4169 2813

;by:

_____
MICHAEL F. PALMA, Petitioner
5026 Autumn Forest Dr.
Houston, Texas 77091

Signed this 9th day of May, 2014.

;by:

_____
MICHAEL F. PALMA, Petitioner
5026 Autumn Forest Dr.
Houston, Texas 77091

## VERIFICATION

State of Texas
County of Harris

The above signatory personally appeared before me, and being duly sworn declared that he/she signed the application in the capacity designated, if any, and further states that he/she has read the above application and the statements therein contained are true.

Witness my hand and seal this 9th day of May, 2014.

Official Seal:

_____
Notary Public
5/9/14

DAVID SANTANA
My Commission Expires
June 30, 2015