```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

MICHAEL F. PALMA,                )
                                 )
     Petitioner,                 )
                                 )
   v.                            )   CIVIL CASE NO. 14-cv-1362
                                 )
UNITED STATES OF AMERICA,        )
et al,                           )
                                 )
     Respondent.                 )
```

## UNITED STATES OF AMERICA'S MOTION TO DISMISS

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE LEE H. ROSENTHAL:**

Respondent, the United States of America (on behalf of its agency the Internal Revenue Service), by and through the United States Attorney for the Southern District of Texas, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, moves to dismiss this civil action.  For the reasons discussed below, this Court lacks subject matter jurisdiction as the summons at issue is excepted from the provisions of 26 U.S.C. § 7609.  In support of its motion, the United States would show the Court:

1.   On May 15, 2014, Michael F. Palma ("Palma") filed a Petition to Quash Summonses ("Petition") seeking to quash an Internal Revenue Service ("IRS") summons issued by IRS Revenue Officer A. Melee Bailey on April 25, 2014.  A copy of the summons is attached to this Motion as Exhibit A.

Civil Action No. 14-CV-1362

2. The summons was issued to and served on G.E. Credit Bank- Sam's Club ("GECRB"), to give testimony and produce records pertaining to copies of credit card statements and methods of payment for accounts held by Palma for the period August 1, 2013 through April 30, 2014. The summons also requested a copy of Palma's credit application if the application was dated after January 1, 2011.

3. The summons was issued in aid of the collection of tax liabilities assessed against Palma for the tax 1997, 1999 through 2002, 2006, 2007, and 2011, along with civil penalties for taxable years 2005 through 2009. Attached as Exhibit B is a copy of the Declaration of Revenue Officer Anubhav Bagga.

4. Enforcement of Internal Revenue Service administrative summonses is generally provided for in 26 U.S.C. § 7604 which states that the United States district court shall have jurisdiction "by appropriate process" to compel compliance with a summons. 26 U.S.C. § 7604(a).

5. The right to begin a proceeding to enforce an administrative summons belongs to the government. 26 U.S.C. § 7604(b). See also United States v. Wyatt, 637 F.2d 293, 300 n.12 (5th Cir. 1981), in which the court

Civil Action No. 14-CV-1362

adopted summons enforcement procedures set forth in United States v. McCarthy, 514 F.2d 368 (3rd Cir. 1975).

    6.  Section 7609, 26 U.S.C., establishes special procedures for summonses issued to third parties which are described in section 7609(a)(1).  See Deal v. United States, 759 F.2d 442, 443 (5th Cir. 1985).  These special procedures include the right of a person entitled to notice of such a summons to bring a petition to quash.  26 U.S.C. § 7609(b); Barmes v. United States, 199 F.3d 386, 388 and 390 (7th Cir. 1999).

    7.  Section 7609(b) is the exclusive statute providing courts with authority to quash an IRS summons.  The provisions of section 7609 do not apply to the summons at issue in this civil action because the summons was issued to GECRB, in aid of collection of tax liabilities assessed against Palma.  See 26 U.S.C. § 7609(c)(2)(A) and (D)(i).  As the summons is not a third party summons within the meaning of section 7609(a)(1), Palma is not entitled to notice of the summons and has no right to bring a proceeding to quash it.  Id.  See Barmes, 199 F.3d at 388; Viewtech, Inc. v. United States, 653 F.3d 1102, 1105 (9th Cir. 2011).

Civil Action No. 14-CV-1362

8. It is well settled that the United States, as sovereign, may not be sued without its consent and that the terms of its consent define the court's jurisdiction. United States v. Shaw, 309 U.S. 495 (1940); Lehman v. Nakshian, 453 U.S. 156 (1981).

9. As Palma lacks standing to bring this suit and the United States has not waived its sovereign immunity, the Court lacks of subject matter jurisdiction over this civil action. Viewtech, supra, 653 F.3d at 1104.

WHEREFORE Respondent respectfully requests this case be dismissed for lack of subject matter jurisdiction.

                                  KENNETH MAGIDSON  
                                United States Attorney


Date:   7/14/14          By:  /s/Lewis A. Booth II  
                                      Lewis A. Booth II  
                                      Special Assistant  
                                      United States Attorney  
                                      S.D. Texas Bar No. 1581145  
                                      8701 S. Gessner, Ste. 710  
                                      Houston, Texas  77074  
                                      Telephone: (281) 721-7340  
                                      Facsimile: (281) 721-7343