# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL F. PALMA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-1362 |
| | § | |
| THE UNITED STATES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Internal Revenue Service ("IRS") issued and served a summons on G.E. Credit Bank — Sam's Club to produce records relating to credit-card statements, payment methods, and credit applications for accounts held by Michael F. Palma. The IRS issued the summons in connection with collecting tax liabilities assessed against Palma for tax years 1999 to 2002, 2006, 2007, and 2011, and panelties for the years 2005 to 2009. Palma filed this lawsuit seeking to quash the summons. The IRS moved to dismiss for lack of subject-matter jurisdiction. (Docket Entry No. 7). Palma has filed no response.

The IRS attached a copy of the summons, which was issued on IRS Form 2039 (Rev. 10-2010). (Docket Entry No. 7, Ex. A). This form states that the summons is exempt from the notice requirements for third-party summonses. In *Schulz v. Internal Revenue Service*, 395 F.3d 463 (2d Cir.2005) (per curiam) ("*Schulz I*"), the Second Circuit addressed a motion to quash in the same procedural posture. The district court in *Schulz* dismissed the case for lack of subject-matter jurisdiction, and the Court of Appeals affirmed, holding that "absent an effort to seek enforcement through a federal court, IRS summonses 'to appear, to testify, or to produce books, papers, records,

or other data,' 26 U.S.C. § 7604, issued 'under the internal revenue laws,' *id*., apply no force to the target, and no punitive consequences can befall a summoned party who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order." *Schulz v. Internal Revenue Service*, 413 F.3d 297, 298–99 (2d Cir.2005) ("*Schulz II*"). The Second Circuit held that "issuance of an IRS summons creates no Article III controversy and, therefore, federal courts do not have jurisdiction over motions to quash IRS summonses in the absence of some effort by the IRS to seek court enforcement of the summons." *Schulz I*, 395 F.3d at 465.

Other cases also consistently hold that the Internal Revenue Code does not authorize a summoned party to institute preenforcement court proceedings to quash an IRS summons and that federal district courts do not have jurisdiction to hear preenforcement challenges to IRS summonses. *See, e.g., Godwin v. United States,* 564 F. Supp. 1209, 1211 (D. Del.1983) (dismissing summoned party's preenforcement petition to quash IRS summonses because the summoned party did not have standing to challenge the summonses). "An [IRS] summons is not judicially enforceable until the [IRS] seeks to enforce a summons pursuant to 26 U.S.C. § 7604(a)." *Gutierrez,* 1996 U.S. Dist. LEXIS 18875, at *5, 1996 WL 751342; *see also, e.g., Foundation of Human Understanding,* 2001 U.S. Dist. LEXIS 16328, at *2–3, 2001 WL 1386051 (concluding that the summoned party could challenge the IRS summons either before the IRS or when the IRS sought enforcement of the summons, but could not bring a preenforcement petition to quash the summons).

Because this is not a third-party subpoena, Palma is not subject to the special provisions of 26 U.S.C. § 7609(b). The IRS has not sought to enforce its summons under 26 U.S.C. § 7604. There is no case or controversy that the district court may hear. If the IRS does attempt to compel

compliance, "the enforcement procedure described in § 7604 would provide [the petitioner] with adequate opportunity to contest the requests." *Schulz I*, 395 F .3d at 464; *see Schulz II*, 413 F.3d at 302–03.

The motion to dismiss is granted. This case is dismissed, without prejudice, for lack of subject-matter jurisdiction.

SIGNED on August 6, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge